47 F.3d 1181
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Boyd J. MORSON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3616.
 United States Court of Appeals, Federal Circuit.
 Jan. 12, 1995.
 
 Before RICH, PLAGER, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Boyd J. Morson petitions for review of the final decision of the Merit Systems Protection Board, Docket No. CH0752940426-I-1, dismissing for untimeliness his appeal of the decision by the United States Postal Service ("agency") to remove him from his position as City Letter Carrier. Because the board did not abuse its discretion in determining that Morson failed to show good cause for his delay in appealing to the board, we affirm.
 
 DISCUSSION
 
 2
 In a March 28, 1994 letter, the agency informed Morson that, effective April 8, 1994, he would be removed from his job because of an absence without official leave. The letter also advised Morson that any appeal to the board from the agency's action had to be filed no later than twenty (20) calendar days from the effective date of the removal. See 5 C.F.R. Sec. 1201.22(b) (1994). Morson filed an appeal on May 10, 1994, twelve days late.
 
 
 3
 The board ordered Morson to provide evidence and argument showing good cause for his delay in filing the appeal. See 5 C.F.R. Sec. 1201.22(c) (1994). Morson responded with arguments addressing the merits of his appeal. His only response to the board's order to show good cause was an assertion that "my filing with the M.S.P.B. was untimely and my reason/s to support my untimeliness was centered around my misunderstanding of the communication that was sent to me." Morson did not explain what he misunderstood in the agency's letter or how this alleged misunderstanding caused him to file an untimely appeal.
 
 
 4
 The Administrative Judge (AJ) dismissed Morson's appeal, concluding that Morson failed to show good cause for waiver of the regulatory time limit. See Alonzo v. Dep't of Air Force, 4 M.S.P.R. 180, 184 (1980). The AJ found that Morson filed three submissions addressing the merits of his case, but did not provide any evidence or argument showing good cause for his untimely appeal. The AJ's initial decision, dated June 15, 1994, became the final decision of the board on August 10, 1994 when the board denied Morson's petition for review. See 5 C.F.R. Sec. 1201.113 (1994). Morson now appeals.
 
 
 5
 "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). We can reverse the grant or denial of such a waiver only if it was arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703 (1988).
 
 
 6
 On appeal, Morson argues that the board erred in failing to consider the merits of his case, but he does not contend that the board erred in concluding that he had not shown good cause for his late filing. Thus, Morson has not persuaded us that the board, after having considered the relevant facts, abused its discretion in concluding that he did not show good cause for failing to comply with the regulatory time limit.[1] For us to reverse the board would amount to rewriting the regulation to permit thirty-two days for filing an appeal, an action that would be beyond our authority.
 
 
 
 [1]
 The record is unclear whether the AJ considered Morson's brief statement that he did not understand the agency's letter informing him of his removal and right to appeal. Any error was harmless, however, because Morson's conclusory assertion did not demonstrate good cause for waiving the regulatory time limit